(23 Misc. Rep. 648.)

## MILLER et al. v. SMITH.

(Supreme Court, Appellate Term.    June 6, 1898.)

PAYMENT—EVIDENCE TO ESTABLISH.

 In an action to recover an amount admitted to have been due the defense was payment. The defendant did not produce the alleged receipt, nor did he produce two of his employés, who, according to his own witnesses, were aware of the facts alleged by him; and an employé of the plaintiffs, whom a witness for the defendant sought to identify as the person to whom the payment was made, positively denied having received it. *Held*, that the evidence was not sufficient to justify a finding of payment.

Appeal from Seventh district court.

Action by Nelson A. Miller and others against Charles Smith. From a judgment in favor of defendant, plaintiffs appeal. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Milton Mayer, for appellants.
Henry J. Goldsmith, for respondent.

BEEKMAN, P. J. The only issue in this case was whether the amount sued for had been paid or not. The justice below has found for the defendant, and, if there had been a fair conflict of evidence upon the point, we should not undertake to disturb his judgment. We think, however, that the evidence was not sufficient to support it. The defendant claims that he paid the amount in controversy in bills to a person representing himself to be the agent of the plaintiffs. In this he is confirmed by the testimony of one Stern, who was his clerk, and who stated that both he and the bartender of the defendant were present at the time. The bartender was not produced, and no reason is given for the failure to do so. The defendant and Stern both testified that upon the payment of the money the person to whom it was paid gave to the defendant a receipted bill; that the defendant thereupon handed it to Stern, directing him to deliver it to the bartender at defendant's down-town place of business for safe-keeping, which Stern says he did. The receipt, however, was not produced upon the trial, the defendant stating that he was unable to find it. While there was some proof given tending to show that a search had been made, it was most unsatisfactory in its character, and failed to show that it was prosecuted with any degree of thoroughness. The bartender to whom, according to Stern's evidence, it had been delivered, although still in the employment of the defendant, was not produced and examined upon the subject. An effort was made to identify one of the collectors of the plaintiffs named Moore, who was present in court, with the person to whom it was claimed the money had been paid. The testimony upon this point, however, was not of a positive character. While the defendant said, "That is he," he immediately qualified his answer by adding, "It looks very much like him." And the most that Stern was willing to say was that Moore resembled him, but that he would not say positively that he was the person. Against this inconclusive evidence the record shows that Moore himself was put upon the wit-

ness stand, and denied positively that any such payment had been made to him; that at the time in question he was not in the plaintiffs' employ, and did not enter their service until two months after the time of the alleged occurrence; and in this he was corroborated by the testimony of Mr. Miller, one of the plaintiffs. We are of the opinion that the evidence on the part of the defendant was not of such a character as to justify the justice in finding that there had been a payment of the amount sued for, and that the judgment should therefore be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellants to abide the event. All concur.